AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Steven B. BRIDGERS<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:19mj 84<br>)<br>)<br>)<br>) |

FILED JUN 27 2019 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 4, 2019__ in the county of __Fredericksburg__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Communications with Intent to Extort |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:
Thomas A. Garnett

_____
Complainant's signature

Special Agent Hugh Thatcher, U.S. Capitol Police
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __06/27/2019__

_____
Judge's signature /s/

City and state: __Richmond, Virginia__

Hon. Roderick C. Young, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:19mj___ |
| ) | |
| STEVEN B. BRIDGERS, ) | |
| ) | |
| *Defendant.* ) | |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMNAL COMPLAINT AND ARREST WARRANT

I, Hugh Thatcher, being duly sworn, hereby depose and state:

### INTRODUCTION

1. I am a Special Agent with the United States Capitol Police (USCP), and have been since June 2004. I am currently assigned to the USCP Investigations Division, Threat Assessment Section and the Electronic Crimes Section, where I work as a digital forensic examiner conducting forensic examination on Computers, Servers and mobile digital devices. Prior to working in the Investigations Division, I was a uniformed officer with the USCP from January 2002 to June 2004. Prior to employment with the USCP, I was a US Army Military Police officer for eight years. During my time as a Military Police Officer, three years were spent as a Military Police Investigator. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. In the course of my employment as a Special Agent with the USCP, I have received training regarding the application for and execution of arrest and search warrants. In my current assignment, I have participated in and conducted

1

investigations involving illegal activity, including threatening communications, both locally and interstate.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. This affidavit contains information necessary to support probable cause for this application. This affidavit is not intended to include each and every fact and matter observed by me or known to the Government.

4. This affidavit is made in support of a criminal complaint charging that beginning on or about March 4, 2019, in the Eastern District of Virginia, STEVEN B. BRIDGERS ("BRIDGERS") knowingly sent a message in interstate commerce that contained a threat to injure the person of another – specifically, that BRIDGERS made a phone call to the United States House of Representatives Judiciary Committee, and during his subsequent conversation with an individual employed by the House Judiciary Committee, threatened to shoot that individual, in violation of Title 18 U.S.C. § 875(c).

## PROBABLE CAUSE

1. On March 4, 2019, the USCP Investigations Division-Threat Assessment Section received a call from Victim 1, a Congressional staff intern for the U.S House of Representatives Judiciary Committee in Washington, DC.

2. Victim 1 stated that on March 4, 2019, at approximately 0946 hours EST, Victim 1 answered a phone call on the Judiciary Committee's main phone line. The caller identified himself as "Steve."

3. Victim 1 stated that his phone conversation with "Steve" lasted approximately twenty minutes. Victim 1 stated that during the conversation "Steve" identified himself as a decorated Navy Veteran who had previously contacted the Judiciary Committee. Victim 1 further stated that "Steve" explained that he was upset that his ("Steve's") recommendations to the Committee had not been implemented or considered.

4. Victim 1 stated that "Steve" inquired if Victim 1 was taking notes, and asked if Victim 1 was going to pass the information to the committee.

5. Victim 1 stated that "Steve" then made the following threatening statements:

   a. "If you don't pass the note I will shoot you in the arm. If you still don't I will shoot you in the leg. Then if you have still have not passed the note I will shoot you in the head."

   b. "Steve" explained that he knew Victim 1 was a "nobody" and that "Steve" would "get [Victim 1] first" because "Steve" was a trained veteran who "knows how to kill."

   c. "Steve" told Victim 1 that he ("Steve") knew where the Judiciary Committee offices are from searching online.

6. Victim 1 stated that the caller ID had displayed the incoming phone number from "Steve" as (202) 224-3121. The number (202) 224-3121 is assigned to the United States Capitol switchboard, which redirects incoming calls to the specific office or agency requested by the caller. The Capitol switchboard's phone number is serviced by the phone provider Verizon.

7. Agents obtained Verizon's records for the Capitol Switchboard's incoming call logs. Those records indicated that phone number (202) 329-1111 had called the Capitol switchboard at 0946 hours for a duration of 23 minutes 53 seconds. Capitol switchboard records

do not indicate, however, what number the incoming calls are subsequently transferred to (such as the Judiciary Committee's main line).

8. An open source search of the phone number (202) 329-1111 revealed the phone number belongs to Verizon Wireless. Business records were obtained from Verizon Wireless for subscriber information and call logs. Those records revealed the number belonged to a Washington DC resident. However, that individual's phone records did not reflect a call to the Capitol switchboard. USCP agents have interviewed that individual, and have determined that the individual had no involvement with the call made by "Steve" to Victim 1.[1]

9. On March 25, 2019, Victim 1 again received a phone call, while answering phones for the Judiciary Committee, from a subject who identified himself as "Navy Steve." Upon hearing "Navy Steve's" voice, Victim 1 recognized the voice as being the same as the "Steve" who had called Victim 1 on March 4, 2019, and made the threatening statements about shooting Victim 1.

10. Due to Victim 1's realization that the "Navy Steve" caller was the same individual who had made the threatening phone call to the Judiciary Committee three weeks earlier, the phone call was transferred to the USCP's Threat Assessment Section.[2]

11. A USCP Special Agent proceeded to conduct a telephonic interview of "Navy Steve." During this conversation, "Navy Steve" made the following statements (among others):

---

[1] Caller ID Spoofing is technology that allows a caller to alter the information sent to Caller ID systems, so that the call recipient's Caller ID will display *not* the actual phone number, but instead a series of numbers selected by the caller. Investigators are aware of the existence of software programs, applications, and websites that can "spoof" such caller ID information. Investigators believe BRIDGERS likely utilized such "spoofing" applications during BRIDGERS' commission of the threatening calls to Victim 1 on both March 4 and 25.

[2] As with the March 4 call to Victim 1, phone records for the Capitol Switchboard reflect an incoming call on March 25 (at the same time and duration of BRIDGERS' call) as coming not from BRIDGERS' phone number, but instead the same (202) 329-1111 number that investigators have confirmed did *not*, in fact, call the Capitol Switchboard.

4

  a. "Navy Steve" is Navy veteran who suffers from post-traumatic stress disorder (PTSD).

  b. "Navy Steve" had been fired because of his PTSD, and now lives in Fredericksburg, Virginia.

  c. Identifying "Navy Steve's" Congressional Representative.

12. On March 27, 2019, the USCP contacted the district office of the United States Representative that BRIDGERS had identified as BRIDGERS' Congressman. The Congressman's staff explained to the USCP that they (the staffers) were currently working with a Navy veteran named Steven B. Bridgers ("BRIDGERS"). The district office staff explained that BRIDGERS had made statements about having PTSD and losing his employment because of that condition. The district office provided BRIDGERS' address, phone number, and email address. The phone number BRIDGERS had provided to the Representative's staff was (540) 361-0503.

13. Verizon Wireless records reveal a call from (540) 361-0503 to the U.S. Capitol switchboard on March 4, 2019, at 0946 hours, for a duration of 24 minutes. Verizon Device ID records revealed a Device ID of 89148000002694442218 and an IMEI of 354892073543500. Verizon was unable to provide the subscriber information for the (540) 361-0503, however, as the account was originated by Tracfone Wireless.

14. Tracfone Wireless records confirm a call from (540) 361-0503 to the U.S. Capitol switchboard on March 4, 2019, at 0946 hours, for a duration of 25 minutes.

15. Tracfone Wireless account information for (540) 361-0503 reveals the subscriber provided the same email address ("steverino.x1@gmail.com") and city (Spotsylvania, Virginia) that BRIDGERS had provided to the Representative's district office staff. Tracfone records also

list the (540) 361-0503 subscriber's date of birth, which is the same date of birth listed on BRIDGERS' Virginia driver's license.

16. Investigators compared the Device ID provided by Verizon Wireless to the SIM number provided by Tracfone, confirming that both numbers have the same value: 89148000002694442218.

17. Investigators subsequently reviewed cell site data for (540) 361-0503. The cell site data revealed that (540) 361-0503 had connected to cellular telephone towers located in an area located southwest of Fredericksburg on (among other instances):

   a. March 03, 2019, at 0946 hours EDT, for a duration of 24 minutes and 2 seconds;

   b. March 25, 2019, at 1426 hours EDT, for a duration of 21 minutes and 30 seconds.

18. In both of the above instances, (540) 361-0503 had called (202) 224-3121 – the number of the U.S. Capitol Switchboard located in Washington, DC.

19. As previously noted, Victim 1 received the threatening call in Washington, D.C. on March 03, 2019, at 0946 hours EDT.

20. As previously noted, a USCP Special Agent received a call transferred from the House Judiciary Committee (located in Washington, D.C.), and conducted an interview of "Navy Steve" consistent with the time and duration of the March 25, 2019 call.

## CONCLUSION

5. Based on my training and experience, I submit to the Court that probable cause exists to believe that on or about March 4, 2019, in the Eastern District of Virginia, STEVEN B.

BRIDGERS knowingly sent a message in interstate commerce that contained a threat to injure the person of another, in violation of Title 18 U.S.C. § 875(c).

6. I therefore respectfully request that this Court issue a criminal complaint charging STEVEN B. BRIDGERS with violating Title 18 U.S.C. § 875(c), as well as issue a warrant authorizing his arrest on that criminal complaint.

Hugh Thatcher
Special Agent
United States Capitol Police

Sworn to and subscribed
Before me this 26 day of June, 2019.

/s/
Roderick C. Young
United States Magistrate Judge

7