**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:19cr00113 |
| v. ) | Hon. M. Hannah Lauck |
| ) | Sentencing: November 20, 2019 |
| **STEVEN B. BRIDGERS,** ) | |
| **Defendant.** ) | |

**DEFENDANT'S POSITION ON SENTENCING**
**AND REQUEST FOR A DOWNWARD VARIANCE**

COMES NOW the defendant, Steven B. Bridgers, by counsel, Carolyn V. Grady, and states his position with regard to sentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure. Mr. Bridgers has received and reviewed the presentence investigation report ("PSR") with the assistance of counsel, and has no objections to the contents or the suggested United States Sentencing Guidelines ("Guidelines") which suggest a range of ten (10) to sixteen (16) months in prison, and at least a $ $5,500 fine. PSR ¶ 51. Given that he has no resources or assets, Mr. Bridgers requests that the Court not issue a fine as a part of his sentence. PSR ¶ 49.

Upon consideration of the facts in this case, this aberrant behavior in an otherwise honorable life, and the sentencing factors pursuant to 18 U.S.C. § 3553(a), Mr. Bridgers requests that this Court impose the joint recommendation of a sentence of a probationary sentence of four years.[1] Both parties understand that this is a recommendation below the suggested guideline

---

[1] Both parties originally believed that Mr. Bridgers' guidelines were to be calculated at a suggested guideline range of 0-6 months as both parties did not anticipate the enhancement under 3A1.2. The Court could follow the intent of the parties by imposing a sentence of time served as he has served over 4 months, followed by a period of supervised release to attain the same goal

1

range. This probationary sentence is still punitive and is "sufficient, but not greater than necessary" to serve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a).

In support, Mr. Bridgers submits the following:

### I. Case History

On June 28, 2019, Mr. Bridgers was arrested on a Criminal Complaint that was filed under seal the previous day. PSR ¶ 1; ECF Nos. 1-6. On June 28, 2019, Mr. Bridgers appeared for his initial appearance, counsel was appointed, and he was temporarily detained. PSR ¶ 1; ECF Nos. 7-9. On July 3, 2019, the court heard evidence on probable cause and the issue of detention and found probable cause to support the criminal complaint and detained Mr. Bridgers pending trial. PSR ¶ 1; ECF Nos. 10-11.

In the spirit of cooperation, Mr. Bridgers agreed to a Joint Motion for Extension of Time to Indict filed on July 18, 2019. ECF Nos. 12-13. After discovery was provided, due diligence done on competency issues, and plea negotiations completed, Mr. Bridgers agreed to plead guilty to a Criminal Information alleging a violation of 18 U.S.C. 875(c), to wit: interstate communications with intent to extort. The Criminal information was filed on August 13, 2019. PSR ¶ 2; ECF No. 14.

On August 19, 2019, Mr. Bridgers waived his right to indictment by grand jury and pled guilty to the Information, agreeing to a statement of facts and plea agreement in which the United States agrees to join Mr. Bridgers and recommend to the Court a sentence of four years of probation to include any mental health counseling program recommended by United States Probation. PSR ¶ 6; ECF Nos. 17-20. The parties also agreed to recommend that certain guidelines apply or do not apply, which sections were listed in the PSR and found to be

---

of the parties – time served at the day of sentencing followed by supervision and assistance with his mental health needs.

appropriate by the presentence writer. PSR ¶ 4. The Sentencing Guideline Order scheduled the sentencing hearing for November 20, 2019 at 2 PM. ECF No. 21.

Mr. Bridgers has remained in the custody of the United States Marshal since his arrest on June 28, 2019, and will have served four months and three weeks on the date of his sentencing. While in custody, Mr. Bridgers has been treated for his mental health concerns (PSR ¶ 42) and is looking forward to further assistance from United States Probation Office.

## II. Legal Framework

It is a "uniform and constant" tradition of the federal judiciary for a sentencing judge to "consider every convicted person as an individual" and to approach "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (citing *Koon v. United States*, 518 U.S. 81, 113 (1996)). Accordingly, judges are required to make "an individualized assessment based on the facts presented" in any given case, *Gall v. United States*, 552 U.S. 38, 50 (2007), to ensure that a corresponding sentence "fit[s] the offender and not merely the crime," *Pepper*, 562 U.S. at 487–88 (citing *Williams v. New York*, 337 U.S. 241, 247 (1949)).

Title 18 U.S.C. § 3553(a) commands courts to consider seven factors when determining the appropriate sentence to impose on a particular defendant. 18 U.S.C. § 3553(a)(1)–(7). Among these is the applicable Guidelines range, *id.* § 3553(a)(4), which a court must calculate correctly in every sentencing proceeding. *Gall*, 552 U.S. at 49. Yet the Guidelines range is merely a "starting point." *Id.* A sentencing judge's "overarching duty" is to ultimately impose an individualized sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing delineated in § 3553(a). *Pepper*, 562 U.S. at 491.

These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2)(A)–(D). The other factors a sentencing court must consider are 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the kinds of sentences available; 3) any pertinent policy statement issued by the United States Sentencing Commission; 4) the need to avoid unwarranted sentencing disparities among defendants with similar records and conduct; and 5) the need to provide restitution to any victims of the offense. *Id.* §§ 3553(a)(1), (3), (5)–(7).

In short, what § 3553(a) requires in practice is clear: After giving both parties an opportunity to argue for whatever sentence they deem appropriate, a sentencing court must then "consider *all* of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49–50 (emphasis added).

### III.  Argument

**The § 3553(a) Factors Support the Joint Recommendation for a Probationary Sentence.**

A court must consider all of the factors set forth in § 3553(a) when deciding the appropriate sentence to impose. Therefore, when considered in light of the facts and circumstances of Mr. Bridgers' case, the § 3553(a) factors support the joint recommendation for a probationary sentence.

    **A. Nature and Circumstances of Mr. Bridgers' Offense supports the imposition of a Probationary Sentence**

One factor the Court must consider is the "nature and circumstances of the offense[s]" at issue. 18 U.S.C. § 3553(a)(1). Mr. Bridgers' charge stems from his intense interest in the Presidential election of 2016 and the proceedings of the Judiciary Committee and its work leading up to the election. Mr. Bridgers had become increasingly upset with his perceived lack of attention to his concerns from an intern staff member and in his anger and excitement to voice his opinion, he made some statements to the intern that were threatening in nature. It is important to note that these calls were made from outside of Richmond and he made no attempts to follow through with any of those communications. In fact, the next time that Mr. Bridgers called the Committee, he was connected to a capitol police officer and made no such threatening statements. The probation officer agreed that the discovery is accurately reflected in the statement of facts listed in paragraph 9 of the PSR. PSR ¶ 10.

The circumstances behind his crime was that for years, Mr. Bridgers has been involved in expressing his first amendment rights to various political issues and expressed his views to staffers all over the Capitol. On this particular day, Mr. Bridgers became agitated about his political views and, due to his PTSD issues, he recognizes that he carried the conversation too far and beyond the bounds of what is protected speech. As was proven through an examination of his phone and computer, Mr. Bridgers took no action to map out travel or make any plans to make good on his threatening speech. A search warrant of his house revealed he had no actual ability to carry out this threats. Finally, the United States agrees that no further action was taken and that the reduction built into the USSG 2A6.1(b)(6) applies. PSR ¶ 17.

The probation officer suggested in paragraph 52 of the PSR that a downward departure could be appropriate given this "aberrant behavior." While technically a ground for a downward departure, and not specifically a downward variance, both Mr. Bridgers and the United States

agrees that a downward variance is appropriate given the facts in this case combined with Mr. Bridger's history and characteristics.

Steven is ashamed of his conduct and very much welcomes the aid and counseling and assistance that United States Probation can provide. As his letter indicates, he said things that he very much regrets and he promises to "obey the rules, and never be a burden on society or makes these calls ever again." See Letter.

**B. Mr. Bridgers' History and Characteristics support a sentence of probation**

Section 3553(a)(1) also requires the Court to consider the "history and characteristics of the defendant" when fashioning a sentence. Mr. Bridgers remains embarrassed about his conduct as he came from a good, law abiding, country loving family. He has never been in any kind of trouble with the law and this felony conviction will remain a stain on his character and reputation until the day he dies. PSR ¶¶ 25-31. Given his decorated and honorable service to this Country, the stain glows extra strong in his mind.

Steven is a well-educated man, graduating from high school, attending community college and completed a variety of specialized training courses while serving in the United States Navy. Mr. Bridgers has no children, was married once which ended in divorce and shortly before the events that led to his conduct, he lost the love of his life Mary and his life began to unravel. He was raised by his mother who taught him the value of hard work. While serving his six years in the Navy, Mr. Bridgers was awarded the Navy Expeditionary Medal, the Good Conduct Medal, the Navy E Ribbon and the Navy Sea Service Deployment Ribbon during the course of his service. PSR ¶ 53. His other personal successes and varied employment history are well documented in the PSR. PSR ¶¶ 44-47. As with any serviceman who served in the military, he suffers from PTSD as outlined in the PSR. He also has a variety of physical conditions that have

made life in jail over these past four plus years more difficult. PSR ¶ 41. As noted in the PSR, he has friends who are willing to support him while he finds more permanent housing since he lost his house after his arrest this criminal complaint. PSR ¶ 38. Since his arrest, he has lost his home, his dignity, and one of his three dogs.

 Mr. Bridgers has shown that in spite of his PTSD difficulties, he has worked in a variety of fields since his honorable discharge from the Navy. At the time of his arrest, after the death of Mary, his dear love, he was working as a musician, playing in local bars and restaurants. PSR ¶ 46. He has recently seen the bright side of this difficult time in solitary and protective custody as Steven has written almost 20 songs and read his bible daily. The jail has provided some counseling but this Court must recognize that Mr. Bridgers needs a real plan with mental health counselors to overcome his difficulties.

 Mr. Bridgers has been suffering from PTSD for years. He has attempted to obtain disability benefits from the Veteran's Administration ("VA") and that process continues through the civilian SSA process with the assistance of a disability attorney. In one attested document which was submitted to the VA, Mr. Bridgers wrote "I have repeated pain, emotional problems, loss and very disturbing memories resulting from all of these humiliating, life threatening, very dangerous, sometimes very brutal service/ war instances and constant nuclear alert since my honorable discharge. I also have nightmare and sleep loss, and headaches related to those many overly stressful military events as well as what others seem to take lightly but I get stressed and have to leave."

 Mr. Bridgers knows that he must be held accountable for his actions in this matter. The Court must, in turn, sentence him to punishment that is sufficient but not greater to achieve the goals of the sentencing statute. In this case, Mr. Bridgers requests that the Court find that a

sentence of probation is that kind of sentence as he has little risk of recidivism given the last four months plus of imprisonment. Mr. Bridgers vows this to be his first and last time being incarcerated.

### C. Need for the Sentence Imposed to Comply with the Purposes of Sentencing

The overarching directive of § 3553(a) is for a sentencing judge to "impose a sentence sufficient, but not greater than necessary, to comply with" the four sentencing purposes delineated in § 3553(a)(2). When evaluated within the context of Mr. Bridgers' case, each of these sentencing purposes in turn supports his request for a sentence of four years of probation.

1. <u>The Need for Just Punishment in Light of the Seriousness of the Offense</u>

Beginning with the first sentencing purpose provided by the statute, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

As mentioned previously, Mr. Bridgers was wrong for calling and being so upset that he made remarks that were threatening in nature. He should have understood that this would have quite an effect on the listener but he was in the throes of his PTSD and did not control his actions appropriately. What is important is that he did literally nothing after that call to enforce the threat or further intimidate his listener. This whole process has confirmed that he has had respect for the law prior to this and will once again follow the law until he has gone to his great reward. PSR ¶ 38. The punishment for being a felon is just and something in his life that brings him shame and embarrassment within his family and community.

The United States agrees that a sentence of probation is just punishment for his actions.

2. <u>The Need for Adequate Deterrence</u>

Section 3553(a) next requires the Court to impose a sentence that "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).

For Steven, this whole experience has been a deterrent. From having his fingerprints taken and being booked by the US Marshals to living in a jail cell. This has all been devastating to his self-image and confidence. Further, Mr. Bridgers has spent a majority of this time in solitary confinement or protective custody which courts have recognized as a mentally difficult time on the individual. For months Mr. Bridgers has only been able to write songs, read his bible and pray that he is ready for release and looking forward to valuable assistance with his PTSD.

A probationary period would be a real serious form of punishment for him as courts have recognized, probation is a restriction of liberty and serves as punishment. Given that he has never been to jail, much less court, in his over 60 years of life, a probationary period is punishment sufficient for his crimes. In short, the message of deterrence sent by such a public form of restrictions will be loud and clear.

3. <u>The Need to Protect Society</u>

The sentence imposed by a court must also "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Though threatening in nature to the intern, his conduct never actually endangered the public other than through the fear generated in the Committee. Given his lack of criminal history in the past and his remorse for his conduct, the likelihood of his reoffending is minimized and no incarceration is necessary to protect the public from him.

4. <u>The Need to Provide Medical, Educational, and Vocational Assistance</u>

Finally, Section 3553(a) requires that a sentence accord with a defendant's need for effective educational or vocational training, medical care, and other correctional treatment. 18 U.S.C. § 3553(a)(2)(D).

Recognizing that "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), it appears that imprisonment is not the appropriate sentence. Both the United States and Mr. Bridgers agree that the appropriate punishment is assistance for his mental health deficits and that jail is not the right forum in which to receive that help. See Plea Agreement, paragraph 4.

This Court should order that Mr. Bridgers receive mental health counseling to address his diagnosed PTSD. There does not appear to be any need for substance abuse testing or a need for educational training upon his release. While it would seem possible that Mr. Bridgers could benefit from vocational assistance from a court ordered program of some kind, his PTSD would and has interfered with his employment.[2]

### D. The Remaining § 3553(a) Factors

In addition to the factors already described, § 3553(a) demands that a sentencing court consider the kinds of sentences available; the applicable Guidelines range; any pertinent policy statements issued by the United States Sentencing Commission; the need to avoid sentence disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(3)–(7).

For Mr. Bridgers, he is eligible for a probationary sentence as there is no mandatory minimum sentence. Restitution is not applicable. PSR ¶ 51. According to the PSR, Mr. Bridgers' base offense level is a 12 under USSG § 2A1(a)(1). PSR ¶ 16. This base level was reduced by four levels because it appeared to be a "single instance evidencing little or no deliberation" under USSG § 2A1(b)(6). With the addition of a six level enhancement for the Official victim under USSG § 3A1.2(a)(1) and (2), and a two level reduction for acceptance of responsibility, Mr.

---

[2] Counsel has confirmed that Mr. Bridgers has a pending appeal for the denial of disability benefits in December which may bolster his ability to support himself.

Bridgers' Total Offense Level is 12. PSR ¶¶ 16 to 24. Combined with his criminal history category of I, PSR ¶ 28, Mr. Bridgers' suggested Guideline range as calculated in the PSR is from 10 to 16 months. PSR ¶ 51. As noted by the United States Probation Officer, there are reasons why the court could sentence Mr. Bridgers outside of this range.

### IV. Conclusion

WHEREAS, for the foregoing reasons, Mr. Bridgers requests that he be sentenced to a variant sentence of a four year term of probation. This sentence is supported by the arguments herein, the nature and circumstances of his offense, his background and characteristics, and the weight of the other 3553(a) factors, which collectively require that the court impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing.

Respectfully Submitted

STEVEN B. BRIDGERS
_____/s/_____
By Counsel

Carolyn V. Grady, Esq.
Virginia State Bar #30445
Counsel for Mr. Bridgers
Assistant Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond VA 23219
(804) 565-0855
(804) 648-5033 fax
Carolyn_Grady@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2019, I filed this Position on Sentencing, via ECF with the Clerk of the Court, which will send a notification of such filing (NEF) to the following: Thomas Garnett, Assistant United States Attorney, 919 E. Main Street, Suite 1900, Richmond VA 23219.

                                                         /s/
                                                By Counsel

Carolyn V. Grady, Esq.
Virginia State Bar #30445
Counsel for Mr. Bridgers
Assistant Federal Public Defender
701 E. Broad Street, Suite 3600
Richmond VA 23219
(804) 565-0855
(804) 648-5033 fax
Carolyn_Grady@fd.org